IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ANDERSON, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANK D. GILLIS, et al. | : | NO. 03-CV-3588 |

MEMORANDUM AND ORDER

DITTER, J.                                                                                      December 11, 2008

      James Anderson is a state prisoner whose *pro se* petition seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2254 was dismissed as a successive petition and transferred to the court of appeals on December 29, 2003. Anderson's application to file a successive petition was denied by the United States Court of Appeals for the Third Circuit on April 22, 2004. (Doc. # 44). In the intervening years, Anderson has continued to file petitions in this court and the court of appeals, all to no avail. Anderson has now filed a Rule 60 motion to set aside or reopen the most recent order of this court denying his request for further *habeas* review. (Doc. # 211). This motion is denied.

      1.  <u>Factual and Procedural Background</u>

      On May 20, 1993, Anderson, also known as James Hendel, entered a guilty plea in the Court of Common Pleas of Philadelphia County to the charges of aggravated assault and unlawful restraint. These charges resulted from the prolonged and brutal beating of Anderson's former girlfriend and business partner after he barricaded her apartment door and kept her imprisoned for hours. She was able to escape after Anderson passed out from exhaustion and was hospitalized for weeks recovering from her injuries. Anderson was sentenced to a term of five (5) to seventeen (17) years imprisonment and a consecutive sentence of four (4) years

probation. His motion for reconsideration of the sentence was denied. He did not file a direct appeal.

Anderson next filed for post-conviction relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, *et seq*. His petition was dismissed as meritless by the PCRA court and the dismissal was affirmed by the Superior Court and the Supreme Court of Pennsylvania.

Anderson then began his quest for federal *habeas corpus* relief. He filed his first *habeas* petition in this court under the name James Hendel. It was dismissed after the district court determined his claims were procedurally defaulted. *See Hendel v. Vaughn,* No. 97-CV-5690 (E.D. Pa. Aug. 10, 1998). His request for a certificate of appealability was denied by the United States Court of Appeals for the Third Circuit. *See Hendel v. Vaughn*, No. 98-1753 (3d Cir. Nov. 26, 1999).

On February 14, 2000, Hendel filed a second *habeas* petition. Because this petition was not filed on the proper forms as required by Local Rule 9.3, the Clerk of Court was ordered to furnish him with the appropriate form and he was directed to complete and file the form within thirty days. *See Hendel v. Vaughn*, No. 00-CV-0783 (Doc. # 2). Instead, Hendel filed a motion to alter, amend or vacate this order, a motion for appointment of counsel, and alternatively, a motion to waive Local Rule 9.3, in an effort to avoid the requirement that he seek the permission of the court of appeals to file a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). After considering these motions and reviewing the claims presented, the district court determined that Hendel was indeed seeking *habeas corpus* relief and again provided him with the required form and another thirty days to file his petition. *See Hendel v. Vaughn*, 2000

U.S. Dist. LEXIS 14176, No. 00-CV-0783 (E.D. Pa. Sept. 29, 2000). Hendel filed his petition on November 1, 2000, and on December 7, 2000, it was dismissed without prejudice to Hendel's right to seek permission from the court of appeals to file a second or successive petition. (No. 00-CV-0783, at Doc. # 8, 10). Hendel did not seek permission to file from the court of appeals. Instead, in 2003 he filed his third *habeas* petition, the instant petition under the name James Anderson. As set forth above, this petition was determined to be a successive petition and transferred to the court of appeals. Anderson was denied permission to file in April 2004. Anderson did not appeal.

Anderson continued to correspond with the district court on a variety of issues and to file additional exhibits even though his case was now closed. (Doc. # 46-49, 51-61). On May 4, 2005, Anderson's request for appointment of counsel was denied. (Doc. # 62). Anderson was again denied permission to file a successive petition by the court of appeals on May 9, 2005. (Doc. # 63). Anderson continued to file numerous "requests" and motions throughout 2005. (Doc. # 64-81). His motion to alter judgment was denied on June 29, 2005. (Doc. # 67). His requests for appointment of counsel were denied in June, August, September, and October 2005. (Doc. # 67, 70, 71, 75, 79).

The year 2006 brought more of the same. (Doc. # 82-143). By April 2006, Anderson had filed another appeal to the Third Circuit, this one challenging the district court's denial of his request for bail pending his appeal. (Doc. # 89). By order dated May 5, 2006, Anderson's continued requests for relief were denied by the district court for lack of jurisdiction because his case was on appeal. (Doc. # 91). Undaunted, Anderson continued his quixotic campaign. Anderson appealed the order of May 5, 2006, and an order dated May 17, 2006, denying his

motion for appointment of counsel. (Doc. # 105). Despite being repeatedly informed that the district court did not have jurisdiction while his appeals were pending the court of appeals, Anderson's correspondence, requests, and motions continued – so did his appeals from the denial of relief. (Doc. # 98-123).

On October 13, 2006, the court of appeals denied Anderson's motions for bail and for the appointment of counsel and marked the appeal closed. (Doc. # 124). On November 7, 2006, the court of appeals affirmed each of the district court's 2006 orders finding no substantial question had been presented because no matter remained before the district court due to the already pending appeal in the court of appeals. (Doc. # 127, 128). That same month, Anderson filed three documents titled "Addendum to Pleadings" in which he attempted to raise additional *habeas corpus* claims. (Doc. # 129-131). His continued attempts to resurrect his petition in the district court were denied repeatedly as successive petitions. (Doc. # 132, 133). Additional letters and addenda were filed through the end of 2006. (Doc. # 135-143).

In January 2007, Anderson again appealed the district court's determination that it was without jurisdiction to consider his continued attempts to seek *habeas* review absent permission from the court of appeals to file a successive petition. (Doc. # 146, 147). The endless filing of letters, addenda, notices, and exhibits continued throughout 2007. (Doc. # 148-195). These filings included a request to be released from state custody that was denied on April 24, 2007. (Doc. # 167). As would be expected, Anderson appealed. (Doc. # 170). Anderson's district court filings have continued through the year 2008. (Doc. # 197-215).

While pursuing his claims with great fervor in the district court, Anderson has been just as prolific in the court of appeals. He has filed no less than twelve (12) petitions, each rejected

by the court of appeals.  As discussed above, this *habeas* petition was initially transferred to the court of appeals as a second or successive petition.  By order dated April 15, 2004, the court of appeals denied Anderson permission to file a successive petition because he did not state any "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," and because he "failed to offer any facts which 'would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense' of aggravated assault or unlawful restraint."  *In re: James Anderson*, C.A. No. 04-1527 (3d Cir. 2004).

In addition to the numerous appeals of district court orders, on three other occasions Anderson sought permission to file a successive *habeas* petition.  His applications of April 7, 2005, January 11, 2007, and August 21, 2007, were all denied for the same reasons as his 2004 application.  *See In re: James Anderson*, C.A. No. 05-2085 (3d Cir. 2005)*;* C.A. No. 07-1099 (3d Cir. 2007); C.A. No. 07-3495 (3d Cir. 2007).

On October 4, 2007, Anderson once again sought a review of his state conviction by filing a document he titled "Notice of Discriminating Access to State Court Due to Indigency of Petitioner to Demonstrate Why Federal Courts Should Take Jurisdiction on Merits."  (Doc. # 186).  In this petition, Anderson claims that his writ of *mandamus* in the Supreme Court of Pennsylvania was rejected because he could not afford to file a bound original pleading and eight copies.  While the Supreme Court did not accept his filing because it was not properly bound and copied, Anderson was also advised that the filing was being returned because "a writ of *mandamus* cannot be used as a means to have your appeal rights re-instated."  (Doc. # 186, Exh. 3).  He was further advised that the appropriate procedure was to file a "*nunc pro tunc*

application in the court of common pleas." *Id.* Again, lacking permission from the court of appeals to proceed, Anderson's request for *habeas corpus* relief was summarily denied on October 9, 2007. (Doc. # 187). That same day, Anderson filed another pleading asserting the existence of exculpatory evidence that had been withheld by government officials, namely a broken watch he asserts supported his claim of self-defense and established his actual innocence. (Doc. # 188). Thereafter, the district court entered a "*Mason/Miller*" order advising Anderson of various issues connected with the filing of a *habeas* petition; including, the statute of limitations and the prohibition against second or successive petitions. Anderson was ordered to respond to the court within thirty days if he wished to proceed. (Doc. # 189).

On November 1, 2007, Anderson filed an "addendum" setting forth additional facts and exhibits to supplement his October filing and indicated his choice to proceed with his filing being construed as a petition for *habeas corpus* relief under 28 U.S. C. § 2254. Anderson's petition was denied by order dated November 5, 2007. (Doc. # 192). Anderson did not file an appeal. With no action pending in this court, Anderson continued to file various requests and correspondence with the court and the court continued to have the filings entered on the docket. (Doc. # 193-201).

On April 17, 2008, this case, although closed, was reassigned to me and I have continued the practice of docketing Mr. Anderson's correspondence. (Doc. # 203-209). On September 11, 2008, Anderson filed a motion to reopen the November 5, 2007 denial of *habeas* relief pursuant to Fed. R. Civ. P. 60. (Doc. # 211). Anderson complains that he was unable to access legal documents after being transferred from SCI Cresson to SCI Houtzdale on July 31, 2008 (to serve a misconduct sanction), and that he only recently learned that his petition was denied and his case

was closed. He asserts that his attempts to obtain access to the state courts in order to prove his actual innocence have been unsuccessful due in large part to his inability to obtain trial records from the state court. He asks that his *habeas corpus* petition be reinstated and that bail be set to allow his release from state custody.

2. <u>Discussion</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. §§ 2241-2266, details the right of a person in state or federal custody to file a *habeas* petition in federal court for violation of rights guaranteed by the United States Constitution. AEDPA provides exclusive relief under 28 U.S.C. § 2254 for a petitioner raising a constitutional attack on a state conviction and/or a state sentence.

This current attempt by Anderson to revive his 2003 *habeas* petition is another effort to do that which he has been repeatedly prohibited from doing - seek federal review of a state conviction that has already been considered on the merits without the prior permission of the court of appeals. As explained numerous times during the course of these proceedings, before a successive habeas petition can be filed in a district court, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The court of appeals "may authorize the filing of the . . . successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."[1] *Burton v. Stewart*, 549 U.S. 147; 127 S. Ct. 793,

---

[1] Section 2244(b)(2) provides:
    (2) A claim presented in a second or successive habeas corpus petition under section 2254 that was not presented in a prior application shall be dismissed unless –
        (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

796 (2007). If the court of appeals has not authorized the filing of a successive petition, the district court is without jurisdiction to entertain it. *Id.*

No matter the title of the pleading, there is no doubt that Anderson is seeking further review of his state court conviction making this a successive *habeas* petition. It is equally clear that the district court is without jurisdiction to revive a petition that the court of appeals has already ruled is successive. It is also clear that Anderson has not received permission to file a successive petition and therefore, this court is without jurisdiction to consider one. Anderson's motion to set aside or reopen the prior judgement of this court must be denied.

    3. <u>Injunctive Relief</u>

Despite the clear and unequivocal orders of the district court and the court of appeals in this case, Anderson continues to pursue his challenge to his 1993 state conviction. He knows that he must seek permission from the court of appeals to file a successive *habeas* petition, yet he continues to file for relief in the district court. Moreover, in those instances where he has sought permission it has been denied because he has failed to meet the requirements of §2244(b). In its last consideration of Anderson's "prolific filings," the court of appeals suggested that the district court might consider entering an order enjoining Anderson from filing additional documents in this case without the court's permission. *Anderson v. Gillis*, No. 06-4337, at 3-4 (3d Cir. May 24, 2007).

---

        (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

It is beyond comprehension that Anderson still lacks an understanding of the prerequisites for filing a successive petition when he has been repeatedly advised of those requirements, his prior attempt to reopen this petition was rejected, and he has previously, although unsuccessfully, sought permission to file from the court of appeals.  By now, there can be no misunderstanding that this court has no jurisdiction to consider Anderson's petition without the permission of the court of appeals.  A court will grant some latitude to a *pro se* litigant, but it cannot extend jurisdiction beyond that authorized by law.

Thus, I find an injunction to be required in this case and will order the Clerk of Court to refuse any future filings, including correspondence, under this docket number unless Anderson has first obtained permission to file a successive petition from the court of appeals.  *See Abdul-Akbar* v. *Watson*, 901 F.2d 329, 332 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ANDERSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANK D. GILLIS, et al. | : | NO. 03-CV-3588 |

### O R D E R

AND NOW, this   11th   day of December, 2008, upon consideration of the motion to reopen and for the reasons set forth in the accompanying memorandum, IT IS HEREBY ORDERED that:

1. The petitioner's motion to reopen pursuant to FED. R. CIV. P. 60 (Doc. # 211) is DENIED.

2. The Clerk of the Court shall mark this matter CLOSED for all purposes and shall refuse any future filings, including correspondence, under this docket number unless Anderson has first obtained permission to file a successive petition from the court of appeals.

BY THE COURT:

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., J.